FILED
LODGED
ENTERED
RECEIVED

OCT 15 2003

BY
CLERK AT SEATTLE
WESTERN DISTRICT COURT
DISTRICT OF WASHINGTON

MR

DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J & J CELCOM; LUPE AZEVEDO; BRADY RANCH; WOODROW W. HOLMES, Jr.; LUCILLE HOSS; JAMES P. KENNEDY; DANIEL MURRAY; RAJIVE OBEROI; KENNETH L. RAMSEY; GARY R. ROBBINS and JOANNE ROBBINS; and S&D PARTNERSHIP,<br><br>               Plaintiffs,<br><br>v.<br><br>AT&T WIRELESS SERVICES, INC; McCAW CELLULAR INTERESTS, INC.; AT&T WIRELESS SERVICES OF COLORADO, LLC; AT&T WIRELESS SERVICES OF IDAHO, INC; AT&T WIRELESS SERVICES OF WASHINGTON, LLC; BOISE CITY CELLULAR PARTNERSHIP (F/K/A NEW BOISE CITY CELLULAR PARTNERSHIP); FORT COLLINS-LOVELAND CELLULAR TELEPHONE COMPANY (F/K/A NEW FORT COLLINS-LOVELAND CELLULAR TELEPHONE COMPANY); GREELEY CELLULAR COMPANY (F/K/A NEW GREELEY CELLULAR COMPANY) and YAKIMA CELLULAR TELEPHONE COMPANY (F/K/A NEW YAKIMA CELLULAR TELEPHONE COMPANY),<br><br>               Defendants. | No. CV03-2629<br><br><br><br>**FIRST AMENDED COMPLAINT**<br><br>03-CV-02629-MISC |

FIRST AMENDED COMPLAINT

No. CV03-2629

ORIGINAL

-1-

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

Plaintiffs by their attorneys for their complaint against Defendants allege as follows:

## I.    INTRODUCTION

1.    Plaintiffs were long-term investors in four highly successful partnerships:  Boise City Cellular Partnership, Fort Collins-Loveland Cellular Telephone Company, Greeley Cellular Telephone Company and Yakima Cellular Partnership (collective, the "Partnerships").  The Partnerships owned and operated wireless systems as part of the nation-wide system controlled by AT&T Wireless Services, Inc. ("AWS"), one of the largest wireless communications service providers in the United States.  Plaintiffs bring this action to prevent irreparable injury to themselves and the Partnerships by AWS and its wholly-owned shell corporation subsidiaries, McCaw Cellular Interests, Inc. AT&T Wireless Services of Colorado, LLC, AT&T Wireless Services of Idaho, Inc. and AT&T Wireless Services of Washington, LLC.  Collectively, these subsidiaries are referred to as "AWS Affiliates."  By reason of its stock holdings and other equity ownership as well as the common directors and officers, AWS owns and controls the AWS Affiliates.

2.    An AWS Affiliate managed each of the four Partnerships and AWS, through an Affiliate, owned more than 95% of the outstanding interests of each Partnership.  The AWS Affiliates are shell entities that exist for no other purpose than to enable and to facilitate AWS' exercise of ownership and control over the operating entities such as the Partnerships.  The AWS affiliates have no offices or employees separate from AWS.  Their nominal offices are at AWS'

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

headquarters in Redmond, Washington, and all of their nominal officers and employees are AWS' officers and employees. Upon information and belief, any actions taken by the Affiliates were actually carried out by AWS officers, directors and employees.

3. Upon information and belief, AWS and its Affiliates used accounting and other practices discussed below to make each Partnership appear less valuable than it was in fact. Defendants then used their domination and control over the Partnerships to initiate, time, structure and price the "sale" of all of the assets of each of the Partnerships to newly-created partnerships that were wholly-owned by AWS. The "sale" of the assets to the new partnerships which defendants did not even treat as a sale for tax purposes was a sham and device with no other purpose than to eliminate the minority owners from the Partnerships for inadequate consideration.

4. Defendants' actions constitute material breaches of each of the partnership agreements and breaches of fiduciary duty.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C.A. 1332. As detailed below, all of the Defendants are citizens of the State of Washington and none of the Plaintiffs are citizens of the State of Washington. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is appropriate in this judicial district under 28 U.S.C.A. 139(a).

## III. PARTIES AND RELEVANT ENTITIES

7. Defendant AT&T Wireless Services, Inc., AWS, is a corporation

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

formed under Delaware law having its principal place of business at Redmond, Washington. AWS is the successor to McCaw Cellular Communications, Inc. which was acquired by AT&T Corp. in 1994 and subsequently spun off as an independent company in July 2001. AWS is the second-largest wireless carrier, based on revenues, in the United States with 21 million subscribers, and full-year 2002 revenues exceeding $15.6 billion.

8.     Defendant McCaw Cellular Interests, Inc. ("McCaw" ) is a corporation formed under Washington law. McCaw is a wholly-owned subsidiary of AWS having its principal place of business at Redmond, Washington.

**Boise City Cellular Partnership**

9.     Boise City Cellular Partnership ("Boise Cellular") owned the A Block cellular license issued by the Federal Communications Commission ("FCC") for the metropolitan statistical area of Boise, Idaho.

10.     Defendant AT&T Wireless Services of Idaho, Inc. ("AWS-Idaho") is corporation formed under Idaho law. It is a wholly-owned subsidiary of AWS having its principal place of business at Redmond, Washington. It owned a majority of Boise Cellular and controlled the operations of that Partnership.

11.     Plaintiff J & J Celcom is a Kentucky partnership with its principal place of business in Kentucky. All of the partners of J&J Celcom are citizens of Kentucky. It owned a 0.9431% interest in Boise Cellular prior to the forced liquidation of its interest, as detailed below, for which it received $699,922.

12.     Defendant Boise City Cellular Partnership, formerly known as New Boise City Cellular Partnership ("New Boise"), is a newly formed partnership

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

having its principal place of business at Redmond, Washington. It is wholly-owned subsidiary by subsidiaries of AWS and is the successor to Boise City Cellular Partnership, as described further in paragraph 9 of this Complaint. AWS and its subsidiaries first chose to call this newly formed partnership "New Boise City Cellular Partnership" and later changed the name to that of the original partnership. For clarity, the new partnership will be referred to as "New Boise" in this complaint.

**Fort Collins-Loveland Cellular Telephone Company and Greeley Cellular Telephone Company**

13. Fort Collins-Loveland Cellular Telephone Company ("Fort Collins Cellular") was a partnership that owned the A block cellular license issued by the FCC for the metropolitan statistical area of Fort Collins-Loveland, Colorado.

14. Greeley Cellular Telephone Company ("Greeley Cellular") was a Partnership that owned the A block cellular license issued by the FCC for certain other areas in Colorado.

15. Defendant AT&T Wireless Services of Colorado, LLC ("AWS-CO") is a limited liability company formed under Delaware law. It is a wholly-owned subsidiary of AWS having its principal place of business at Redmond, Washington. AWS-CO owned a majority of Fort Collins Cellular and Greeley Cellular and controlled the operation of these Partnerships.

16. Defendant Fort Collins-Loveland Cellular Telephone Company, formerly known as New Fort Collins-Loveland Cellular Telephone Company ("New Fort Collins"), is a partnership formed under California law. It is wholly-owned by AWS-CO and McCaw and has its principal place of business

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

at Redmond, Washington.  It is the successor to Fort Collins-Loveland Cellular

Telephone Company, as described further in paragraph 13 of this Complaint.

AWS and its subsidiaries first chose to call this newly formed partnership "New

Fort Collins-Loveland Cellular Telephone Company" and later changed the

name to that of the original partnership.  For clarity, the new partnership will be

referred to as "New Fort Collins" in this complaint.

      17.    Defendant Greeley Cellular Telephone Company, formerly known

as New Greeley Cellular Telephone Company ("New Greeley"), is a partnership

formed under Colorado law.  It is wholly owned by defendants AWS-CO and

McCaw and has its principal place of business at Redmond, Washington.  It is

the successor to Greeley Cellular, as described further in paragraph 14 of this

Complaint.  AWS and its subsidiaries first chose to call this newly formed

partnership "New Greeley Cellular Telephone Company " and later changed the

name to that of the original partnership.  For clarity, the new partnership will be

referred to as "New Greeley" in this complaint.

      18.    Plaintiff Lupe Azevedo, is a citizen of the State of California.  She

owned a 0.2183% interest in Greeley Cellular prior to the forced liquidation of

her interest for $114,119, as detailed below.

      19.    Plaintiff Brady Ranch is a California partnership with its principal

place of business in California and all of the owners are citizens of California.  It

owned a 0.0075% interest in Greeley Cellular prior to the forced liquidation of its

interest for $3,995, as detailed below.

      20.    Plaintiff Woodrow J. Holmes, Jr., is a citizen of the State of

California.  He owned a 0.0325% interest in Greeley Cellular prior to the forced

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 6

1  liquidation of his interest for $17,122, as detailed below.

2      21.    Plaintiff Lucille Hoss is a citizen of the State of New York.  She

3  owned a 0.0218% interest in Greeley Cellular Telephone Company prior to the

4  forced liquidation of her interest for $11,415, as detailed below.

5      22.    Plaintiff James P. Kennedy is a citizen of the State of Maryland.  He

6  owned a 0.3007% interest in Fort Collins Cellular and a 0.2183% interest in

7  Greeley Cellular prior to the forced liquidation of his interests for $144,119 and

8  $115,000, respectively.

9      23.    Plaintiff Daniel B. Murray, is a citizen of the State of California.  He

10 owned a 0.2183% interest in Greeley Cellular prior to the forced liquidation of

11 his interest for $115,000, as detailed below.

12     24.    Plaintiff Rajive Oberoi is a citizen of the State of Minnesota.  He

13 owned a 0.2183% interest in Greeley Cellular prior to the forced liquidation of

14 his interest for $115,000, as detailed below.

15     25.    Plaintiff Kenneth L. Ramsey is a citizen of the State of Kentucky.

16 He owned a 0.2183% interest in Greeley Cellular prior to the forced liquidation

17 of his interest for $115,000.

18
19     26.    Plaintiffs Gary R. Robbins and Joanne Robbins are citizens of the

20 State of California.  Together they owned a 0.1002% interest in Fort Collins

21 Cellular prior to the forced liquidation of their interests for $48,024.

22     27.    Plaintiff S & D Partnership is a California partnership having its

23 principal place of business in the State of California.  All of the partners of S & D

24 Partnership are citizens of California.  It owned a 0.3007% interest in Fort

25 Collins Cellular.  It received a liquidating distribution from Fort Collins Cellular in

26

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

the amount of $144,119.

**Yakima Cellular Partnership**

28. Yakima Cellular Partnership ("Yakima Cellular") was a partnership that owned the A block cellular license issued by the FCC for the metropolitan statistical area of Yakima, Washington.

29. AT&T Wireless Services of Washington, LLC ("AWS-WA") is a limited liability company formed under Oregon law. It is a wholly-owned subsidiary of AWS having its principal place of business at Redmond, Washington. AWS-WA owned a majority of Yakima Cellular and controlled the operation of this partnership.

30. Defendant Yakima Cellular Telephone Company, formerly known as New Yakima Cellular Telephone Company ("New Yakima") is a partnership wholly owned by AWS-WA and McCaw and has its principal place of business at Redmond, Washington. It is the successor to Yakima Cellular, as described further in paragraph 28 of this Complaint. AWS and its subsidiaries first chose to call this newly formed partnership "New Yakima Cellular Telephone Company" and shortened the name by dropping "New". For clarity, the new partnership will be referred to as "New Yakima" in this complaint.

31. Plaintiff Kenneth L. Ramsey, see paragraph 25 of this Complaint, owned a 0.3866% interest in Yakima Cellular prior to the forced liquidation of his interest for $188,719.

32. Plaintiff S&D Partnership, see paragraph 27 of this Complaint, owned a 0.3866% interest in Yakima Cellular. It received a payment of $188,719 for its interest in Yakima Cellular.

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

## AWS Affiliates

33.     McCaw, AWS-CO, AWS-Idaho, AWS-WA, New Boise, New Fort Collins, New Greeley and New Yakima are referred to collectively as the "AWS Affiliates." By reason of its stock holdings and other equity ownership as well as the common directors and officers, AWS owns and controls the AWS Affiliates.

## IV. ALLEGATIONS

34.     AWS operated the Partnerships' cellular systems (Boise Cellular, Fort Collins Cellular, Greeley Cellular and Yakima Cellular) as part of larger calling areas managed by subsidiaries of AWS and its predecessor.

35. The regional method of operation presented many opportunities for abusive self-dealing practices that were challenged in a number of class actions filed against AWS and its predecessor beginning in 1991 and 1992 that were ultimately joined with actions filed in the Federal District Court for the Northern District of California in 1996 and 1997 (Case No. C-96-03008-DLJ; C-97-00203-DLJ; C-97-00425-DLJ; C-97-00457-DLJ).  These actions included claims for fraud, breach of fiduciary duty, breach of contract, RICO violations, and related claims, all involving minority ownership interests in thirty-three markets controlled by AWS resulted in a Stipulation of Settlement that went into effect in May 1997, and is due to expire on January 1 , 2004 (the "Settlement Agreement").

36.     The Partnerships' operations and financial results have been influenced (to an undisclosed extent) by the Settlement Agreement which allows AWS to operate the Partnership as part of an integrated regional or nationwide system.   The Settlement Agreement allows AWS to continue certain accounting

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

and management practices until December 31, 2003. AWS has not disclosed the effects of the impending termination.

37. As part of the Settlement Agreement, AWS agreed to a cap on switch-sharing fees at no more than 1.5 cents per minute of use. Since the effective date of the Settlement Agreement, AWS continued to charge fees at that rate even though the cost of providing the service has declined substantially and, based upon costs disclosed by competitors, is believed to be less than 0.25 cents per minute of use. At no time did AWS disclose the cost of providing the service and the resulting improper profits to AWS. The hidden profits derived from switch sharing since the effective date of the Settlement Agreement resulted in a substantial understatement of earnings and net worth of the partnerships.

38. Although AWS provided audited financial statements for prior years, AWS and its Affiliates refused to provide audited statements for the year ended December 31, 2001, and have not otherwise disclosed the extent of related-party transactions.

39. AWS embarked upon a plan to eliminate the minority interests in the four Partnerships in March 2002. The first step in implementing the plan was to make a series of coercive tender offers to purchase the minority interests for a modest "premium" while warning that if the offers were not accepted, the AWS Affiliates would call a special meeting of each Partnership and vote their majority interests to sell all Partnership assets to another entity wholly-owned by AWS and its subsidiaries and no "premium" would be paid. All Plaintiffs rejected the coercive tender offer except S & D Partnership, which was

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 10

induced to accept the offer with respect to its interest in Yakima Cellular.

40.     *Upon information and belief, the coercive tender offers were timed to avoid giving the minority partners any participation in the prospective growth of AWS's new Global System for Mobile Communications (which AWS refers to as GSM/GPRS) service and ultimately the much anticipated 3-G service allowing for high speed digital data transmission. According to trade publications, AWS launched its GSM/GPRS service in the Denver metropolitan area, including the area served by Fort Collins Cellular and Greeley Cellular less than two weeks after taking action to terminate the Plaintiffs' interests.*

41.     In June and July 2002, AWS and its subsidiaries used their domination and control of the Partnerships to vote to approve the proposed sale of the assets of each of the Partnerships to new partnerships that were wholly owned by AWS and its subsidiaries over the objection of the minority interests, including the Plaintiffs.

42.     No offers from unrelated parties were solicited and no independent officers or executive committee members were involved in the process.

43.     Upon information and belief, AWS did not treat the transaction as a "sale" of assets for tax purposes but rather as a distribution of assets by the old partnerships followed by a contribution of the assets to the new partnerships. AWS thus treated the transaction as a tax-free transaction as to itself but as a taxable transaction to the minority partners.

44.     AWS and AWS Affiliates hired Arthur Anderson to do appraisals of the Partnerships. These appraisals served as the basis for the

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 11

distributions paid to plaintiffs resulting from the transfer of Partnership assets to new partnerships controlled solely by AWS. Upon information and belief, Arthur Anderson relied on information and instructions provided by AWS and AWS Affiliates. Arthur Anderson thus produced appraisals that failed to value the Partnerships accurately by failing to consider: (1) the profitability and value of the Partnerships as stand-alone entities that were not controlled by AWS; and (2) the profitability and value of the Partnerships under ownership that did not manipulate costs and accounting, as discussed above, to the detriment of the Partnerships.

## V. CAUSES OF ACTION

### COUNT ONE (BREACH OF FIDUCIARY DUTY)

45.     Plaintiffs repeat and re-allege each and every allegation contained above as if fully set forth herein.

46.     As the majority partners of the Partnerships, the AWS Affiliates owed a fiduciary duty of loyalty and a duty of good faith and fair dealing to the Plaintiffs as partners.

47.     As the controlling person of the AWS Affiliates, AWS owed a fiduciary duty of loyalty and a duty of good faith and fair dealing to the Plaintiffs.

48.     AWS and the AWS Affiliates breached these duties by failing to take actions to ensure that the Partnerships received as much from the sale or transfer of Partnership assets as they would have received in an arms-length transaction with a disinterested buyer. Such actions could have included appointing a committee of independent persons to retain investment bankers and attorneys to maximize the values received for the assets by soliciting bids

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 12

1   from unrelated parties or encouraging competitive bidding.

2      49.   AWS and the AWS Affiliates also breached their duties by: charging

3   excessive switch-sharing fees since the effective date of the Settlement Agreement

4   and by failing to account for the profits and benefits derived thereby; by failing to

5   disclosed the effect of the sunset of the Settlement Agreement at the end of 2003, by

6   failing to provide Plaintiffs with relevant data relating to the Partnerships' financial

7   performance and the purported sale of the Partnerships' assets;  by arranging and

8   consummating the sham sales of the assets of the Partnerships to entities wholly

9   owned by AWS and AWS Affiliates; by causing the dissolution and liquidation of the

10  Partnerships; and, by using appraisals that it knew or should have known were

11  materially flawed to deprive the Plaintiffs of the fair market value of the respective

12  ownership interests.

13     50.   As a direct result of the conduct of AWS and the AWS Affiliates,

14  Plaintiffs were damaged in an amount to be proved at trial.

15  **COUNT TWO (BREACH OF PARTNERSHIP AGREEMENTS)**

16     51.   Plaintiffs repeat and re-allege each and every allegation contained

17  above as if fully set forth herein.

18     52.   Through their control of the Partnerships, AWS and AWS Affiliates

19  caused the Partnerships to enter contracts and other arrangements with AWS-owned

20  entities providing for (i) excessive switch sharing fees since the effective date of the

21  Settlement Agreement and (ii) the ultimate "sale" of the Partnerships' assets.  These

22  contracts and arrangements materially breached the provision in each partnership

23  agreement that allows the Partnership to enter into contracts with partners or their

24  affiliates, but only to the extent that such transactions are no less favorable to the

25

26

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

1  Partnership than could readily be obtained if they were made with a person who is not

2  a partner or affiliate of a partner.

3  53.   The purported sales of the assets of the Partnerships to new

4  partnerships solely owned by AWS are a sham in that the transactions have no

5  purpose or effect other than the forced sale of the Partnership interests of the

6  minority partners for inadequate consideration and the continuation of the

7  businesses by the majority partners as before.  There was no sale of

8  Partnership assets within the meaning and intent of the term in the partnership

9  agreements.

10  54.   By prematurely causing the dissolution of the Partnerships, AWS

11  and the AWS Affiliates breached the provision of the Partnership Agreements

12  that provided that the Partnerships were to continue for a term of ninety-nine

13  years.  The Partnerships were wrongfully dissolved and the minority partners

14  are being deprived of their right to continue the Partnerships.

15  55.   Defendants breached the covenant of good faith and fair dealing

16  implied in all contracts, including the partnership agreements.

17  56.   AWS and its subsidiaries were served with notices of material

18  default and failed to cure the breaches of the partnership agreements within 30

19  days.  Under these circumstances, according to the terms of the partnership

20  agreements, the non-defaulting partners, including the Plaintiffs, have the right

21  to acquire the interests of the respective AWS Affiliates for the amount of their

22  capital accounts.  Plaintiffs are ready, willing and able to arrange for the

23  purchase of these interests.  Specific performance of each of the partnership

24  agreements should be ordered.  Alternatively, damages should be awarded in

25  

26  

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 14

1  an amount sufficient to compensate Plaintiffs for the lost opportunity to
2  purchase the majority partner's interests at book value, a loss that Plaintiffs
3  estimate to be in excess of $100 million.

4  ## COUNT THREE (TORTIOUS INTERFERENCE)

5  57.  Plaintiffs repeat and re-allege each and every allegation contained
6  above as if fully set forth herein.

7  58.  AWS caused the AWS Affiliates to breach their contractual
8  obligations to the Plaintiffs and tortiously interfered with and prevented the
9  performance of the AWS Affiliates according to the terms of the Partnership
10 Agreements.

11 ## COUNT FOUR (CLAIM BY S&D PARTNERSHIP FOR INTENTIONAL
12 AND/OR NEGLIGENT MISREPRESENTATION)

13 59.  Plaintiffs repeat and re-allege each and every allegation contained
14 above as if fully set forth herein.

15 60.  AWS and the AWS Affiliates and their common officers and
16 employees, knowingly, or with reckless disregard for the truth, caused
17 documents to be mailed or distributed to Plaintiff S & D Partnership that were
18 false or misleading with respect to material facts and/or failed to state material
19 facts necessary to make the statements made not misleading, including:

20        a.  Defendants failed to disclose the true earnings
21            and net worth of the Partnerships after
22            adjustment to reflect the true costs of switch
23            sharing since the effective date of the
24            Settlement Agreement;
25
26

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 15

b.     Defendants failed to provide financial statements

                 explaining the methods of allocating revenues

                 and costs between the Partnerships and other

                 entities controlled by AWS;

          c.     AWS and its affiliates operated the Partnerships

                 as part of regional systems pursuant to a class

                 action settlement that is due to expire on

                 January 1, 2004; Defendants failed to disclose

                 how the sunset of this settlement agreement

                 would affect the Partnerships' value; and

          d.     Defendants failed to disclose the value

                 associated with the roll out of the new and

                 enhanced service plans and the prospects for

                 growth in revenue and earnings.

     61.    AWS and the AWS Affiliates, acting though their common officers

and employees, knowingly caused the foregoing material omissions and

misrepresentations to occur and are therefore liable to Plaintiff S & D

Partnership for any and all damages flowing from those material omissions and

misrepresentations.

     62.    Alternatively, AWS and the AWS Affiliates negligently issued to the

minority partners the false or misleading coercive tender offer documents on

which Plaintiff S&D Partnership relied on to its detriment.

     63.    AWS participated in the fraud alleged herein by virtue of its

knowledge of the related-party transactions, its control over and/or receipt

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

and/or modification of the coercive tender offer documents, its control of the shell AWS Affiliates and its orchestration of the sham "sale" transactions.

64.     S & D Partnership relied on the accuracy of the defendants' representations of value of the Partnerships.  In ignorance of the falsity and/or misleading nature of those statements, S & D Partnership accepted the coercive tender offer on terms that were unfair.

65.     As a direct result of AWS' conduct and the conduct of the AWS Affiliates, S &  D Partnership was damaged in an amount to be proved at trial.

## COUNT FIVE (UNJUST ENRICHMENT)

66.     Plaintiffs repeat and re-allege each and every allegation contained above as if fully set forth herein.

67.     In transferring their minority interests in the Partnerships, plaintiffs conferred a benefit upon the Defendants, which benefit was realized by Defendants, and the circumstances make it inequitable for Defendants to retain that benefit.

## COUNT SIX (RESCISSION OF SALES OF ASSETS)

68.     Plaintiffs repeat and re-allege each and every allegation contained above as if fully set forth herein.

69.     The sham "sales of assets" were the product of fraud and illegality and should be rescinded and declared void.  The Plaintiffs should be allowed to continue their ownership interests in the Partnerships in their previous configurations.

## COUNT SEVEN (CONSTRUCTIVE TRUST)

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

1     70.    Plaintiffs repeat and re-allege each and every allegation contained

2 above as if fully set forth herein.

3     71.    Plaintiffs have the right under the circumstances and in fairness

4 and justice to a constructive trust over those assets that have been wrongfully

5 appropriated by AWS and the AWS Affiliates from the Partnerships and to

6 prevent the unjust enrichment of AWS and the AWS Affiliates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter

judgment against AWS and the AWS Affiliates, jointly and severally as follows:

    a.    For an order rescinding the "sales" of assets;

    b.    For an order rescinding the dissolution and
         liquidation of the Partnerships;

    c.    For an order enforcing the terms of the
         partnership agreements and directing that the
         interests of the AWS Affiliates be transferred to
         the minority partners of the respective
         Partnerships, pro rata, upon payment of the
         capital accounts of the AWS Affiliates;

    d.    For an order that an accounting be had of all
         benefits derived from the use or appropriation of
         Partnerships' property and opportunities of the
         Partnerships;

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 18

1    e.    For an order imposing a constructive trust over

2          any such property or benefits thereby derived;

3    f.    For monetary damages in an amount to be

4          proven at trial;

5    g.    That the Court tax all of the costs of this

6          proceeding, including reasonable attorneys' fees

7          and experts' fees, against the Defendants; and

8    h.    That the Court award such further and other

9          relief as may be deemed appropriate.

10

11   DATED this _15th_ day of October, 2003.

12

13

14                                 Cutler Nylander & Hayton, P.S.

15

16

17

18   By: _Thos Hayt_

19   Thomas W. Hayton (WSBA # 5657)

20

21   And

22

23   John Oitzinger
     Attorney at Law
24   314 N. Main Street
     Helena, MT  59601

25   Attorneys for Plaintiffs

26

FIRST AMENDED COMPLAINT

No. CV03-2629

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

FILED
LODGED — ENTERED
RECEIVED

OCT 15 2003 MR

IN THE UNITED STATES DISTRICT COURT AT SEATTLE
WESTERN DISTRICT OF WASHINGTON

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

| | |
|---|---|
| J & J CELCOM; LUPE AZEVEDO; BRADY RANCH; WOODROW W. HOLMES, Jr.; LUCILLE HOSS; JAMES P. KENNEDY; DANIEL MURRAY; RAJIVE OBEROI; KENNETH L. RAMSEY; GARY R. ROBBINS and JOANNE ROBBINS; and S&D PARTNERSHIP, | No. CV03-2629 |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| v. | |
| AT&T WIRELESS SERVICES, INC; McCAW CELLULAR INTERESTS, INC.; AT&T WIRELESS SERVICES OF COLORADO, LLC; AT&T WIRELESS SERVICES OF IDAHO, INC; AT&T WIRELESS SERVICES OF WASHINGTON, LLC; BOISE CITY CELLULAR PARTNERSHIP (F/K/A NEW BOISE CITY CELLULAR PARTNERSHIP); FORT COLLINS-LOVELAND CELLULAR TELEPHONE COMPANY (F/K/A NEW FORT COLLINS-LOVELAND CELLULAR TELEPHONE COMPANY); GREELEY CELLULAR COMPANY (F/K/A NEW GREELEY CELLULAR COMPANY) and YAKIMA CELLULAR TELEPHONE COMPANY (F/K/A NEW YAKIMA CELLULAR TELEPHONE COMPANY), | |
| Defendants. | |

Elizabeth C. Fuhrmann certifies and declares under penalty of perjury of the laws

No. C01-1548Z

CERTIFICATE OF SERVICE

**ORIGINAL**

- 1

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

of the State of Washington as follows:

That she is an employee with the law firm Cutler Nylander & Hayton, P.S., 505 Madison Street #220, Seattle, WA 98104; that on this 15th day of October, 2003, she served upon counsel of record at the addresses and the manner described below, the following documents:

1.    **First Amended Complaint;**

2.    **Certificate of Service.**


## *SERVICE LIST*

**Attorney for Defendants:**

Brendan T. Mangan
Heller Ehrman White & McAuliffe
701 Fifth Avenue #6100
Seattle WA 98104

**(X) Hand Delivery**
( ) Mail
( ) Facsimile

**Co-Counsel for Plaintiffs:**
John Oitzinger
314 North Main Street
PO Box 1271
Helena, MT 59624

( ) Hand Delivery
**(X) Mail**
( ) Facsimile


Dated this 15th day of October, 2003.


Elizabeth C. Fuhrmann

No. C01-1548Z

CERTIFICATE OF SERVICE

Cutler Nylander & Hayton
Professional Service Corporation
505 Madison Street, Suite 220
Seattle, Washington 98104
Telephone 206 340-4600

- 2